IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JIMMY GOODEN, JR., | : |
| Plaintiff, | : |
| v. | : Case No. 5:24-cv-301-MTT-AGH |
| Warden PHAMS, *et al.*, | : |
| Defendants. | : |

### ORDER

*Pro se* Plaintiff Jimmy Gooden, Jr., a prisoner at the Dooly State Prison in Unadilla, Georgia, filed a complaint under 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff also seeks leave to proceed *in forma pauperis* ("IFP") (ECF No. 2). For the reasons explained below, Plaintiff's motion for leave to proceed without prepayment of the filing fee is granted, but Plaintiff is ordered to recast his complaint within fourteen (14) days.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Mot. to Proceed IFP, ECF No. 2. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed IFP is **GRANTED**. However, even if a prisoner is allowed to proceed IFP, he must still pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If

sufficient assets are not in the account, the Court must assess an initial partial filing fee based on the assets available.  Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.  28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee.  Accordingly, it is **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.  Directions to Plaintiff's Custodian

Plaintiff shall make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.  It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid.  28 U.S.C. § 1915(b)(2).  In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is **ORDERED** that

collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations Upon Release from Custody

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody.   Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained.   If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law.   Plaintiff's complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**INITIAL REVIEW OF PLAINTIFF'S COMPLAINT**

The PLRA requires that district courts conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee.  *See* 28 U.S.C. § 1915A(a).   Here, Plaintiff states he began suffering from an unspecified skin condition while incarcerated at Riverbend Correctional Facility in Milledgeville, Georgia.   Compl. 5, ECF No. 1.   He raises claims about the medical treatment that he received to treat that condition, and he requests injunctive relief as well as damages.[1]   *Id.* at 5-6.

---

[1] Plaintiff's claims for injunctive relief from Riverbend Correctional Facility are subject to dismissal because he is no longer incarcerated at that facility.   *See McKinnon v. Talladega Cnty.*, 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general rule is that a detainee's transfer or release from a jail moots his .

Plaintiff's complaint in its present form may be subject to dismissal under § 1915A(a) for failure to state a claim. "It is well settled that the deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment." *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *Id.* (quoting *Estelle*, 429 U.S. at 105). To sustain a claim of deliberate indifference to serious medical needs under the Eighth Amendment, a plaintiff must show (1) that the medical need is serious; and (2) that prison officials acted with deliberate indifference to this serious need. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (citation omitted), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730 (2002). The condition must be one that would pose a "substantial risk of serious harm" if left unattended. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). Here, Plaintiff alleges that he developed a skin condition that caused him to "itch and scratch" and that the condition progressed into "'bumps' and 'sores.'" Compl. 5. Plaintiff failed to specify a diagnosis given to him

---

. . claim for declaratory and injunctive relief.").

by the dermatologist or other health professional or state how his rash posed a substantial risk of serious harm if left untreated. Plaintiff claims may consequently be subject to dismissal. *See, e.g., Sullivan v. Cochran*, No. 15-0407-KD-M, 2015 WL 9659680, at *4 (S.D. Ala. Nov. 25, 2015) (collecting cases where federal courts have consistently held that itchy and painful skin conditions without other symptoms do not constitute objectively serious medical needs under the Eighth Amendment), *report and recommendation adopted*, No. 15-0407-KD-M, 2016 WL 70844 (S.D. Ala. Jan. 6, 2016).

An official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety[.]" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The Eleventh Circuit has emphasized "that 'the deliberate indifference standard . . . is far more onerous than normal tort-based standards of conduct sounding in negligence[.]'" *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1271 (11th Cir. 2020) (quoting *Swain v. Junior*, 961 F.3d 1276, 1287-88 (11th Cir. 2020)). Thus, it is not enough that prison medical personnel have been negligent in diagnosing or treating a prisoner's condition, since it is clear that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106; *see also Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999) (citing *Estelle*, 429 U.S. at 106) (noting that negligence in diagnosing and treating a medical condition is a not a constitutional violation). Indeed, a prisoner asserting an Eighth Amendment deliberate-indifference claim "must demonstrate that the defendant acted with 'subjective recklessness as used in the

criminal law,'" which requires a plaintiff to "show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff[.]"[2]  *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc) (quoting *Farmer*, 511 U.S. at 839).

Here, Plaintiff acknowledges that while incarcerated at Riverbend Correctional Facility, he was seen by medical staff including a dermatologist. Compl. 5.  He states that he was provided medication for his rash, but complains that his treatments failed to cure his rash.  *Id*.  These allegations are likely insufficient to demonstrate deliberate indifference.  *See Hoffer*, 973 F.3d at 1272 (finding that "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." (alteration in original)); *Sims v. Figueroa*, No. 21-10647, 2022 WL 188485, at *5 (11th Cir. Jan. 21, 2022) *(*quoting *Hoffer*, 973 F.3d at 1272 *and Farmer*, 511 U.S. at 835) (finding that "the obligation to provide medical care 'doesn't necessarily demand curative care,' [and a physician's] judgment to continue conventional treatment was no 'more blameworthy than negligence' . . . and did not amount to the type of incompetent or inadequate care that would violate the Eighth Amendment.").

In light of these potential defects in Plaintiff's pleading, the Court will afford Plaintiff one opportunity to recast his complaint.  *See Duff v. Steub*, 378 F. App'x

---

[2]  However, "even if the defendant 'actually knew of a substantial risk to inmate health or safety,' he cannot be found liable . . . if he 'responded reasonably to th[at] risk.'"  *Wade v. McDade*, 106 F.4th 1251, 1253 (11th Cir. 2024) (en banc) (second alteration in original) (quoting *Farmer*, 511 U.S. at 844).

6

868, 872 (11th Cir. 2010) ("When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it."). Therefore, Plaintiff is required to submit a recast complaint on the Court's standard form for § 1983 complaints if he wishes to proceed with his claims.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each Defendants' actions or omissions resulted in the violation of his constitutional rights. In particular, Plaintiff must present enough facts to demonstrate that his skin condition was indeed a serious medical need and that his named Defendants were deliberately indifferent to that serious medical need.

It is also recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions

    otherwise cause the unconstitutional action?  How do you know?[3]

(3) When and where did each action occur (to the extent memory allows)?

(4) How were you injured because of this Defendant's actions or inactions?

(5) What relief do you seek from this Defendant?

Plaintiff is to thoroughly and completely answer each question presented in the Court's standard § 1983 complaint form.  Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.  *See* Fed. R. Civ. P. 8.  Plaintiff's recast complaint shall take the place of and supersede all allegations made in the original complaint.  Meaning, the Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint.  The Court will not consider those facts contained in Plaintiff's original complaint.  Any fact Plaintiff believes is necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff previously alleged it in another filing.

  If Plaintiff fails to link a named Defendant to a claim, the claim will be

---

[3] Plaintiff is advised that he cannot simply name supervisors such as a Prison Commissioner, Warden, Counselor, and Medical Director based solely on their official capacities and supervisory roles. Supervisors are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them.  *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010); *see also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation.").

dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.  If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed, or in the alternative, this entire civil action may be dismissed for failure to comply with the Federal Rules of Procedure or otherwise follow an order of the Court not to join unrelated claims.  *See Toenniges v. Warden*, 672 F. App'x 889, 891 (11th Cir. 2016) (holding that district court did not abuse its discretion in dismissing as improperly joined claims against two defendants which did not "arise out of the same transaction, occurrence, or series of transactions or occurrences, Fed. R. Civ. P. 20(a)"); *Skillern*, 379 F. App'x at 860 ("[T]he district court did not abuse its discretion in dismissing Skillern's case without prejudice because Skillern failed to comply with . . . Rule 20(a)[.]").  ***The complaint must be no longer than ten (10) pages in its entirety.***

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.  Plaintiff is **ORDERED** to recast his complaint on the Court's standard § 1983 form as instructed within **FOURTEEN (14) DAYS** from the date of this Order.  While this action is pending, Plaintiff is also required to immediately inform the Court in writing of any change in his mailing address.  **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.**  *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for . . . failure to obey

a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[4]  There will be no service of process upon any Defendant until further order of the Court.

The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form along with his service copy of this order (with the civil action number showing on all) for Plaintiff's use in complying with the Order of the Court.

**SO ORDERED**, this 15th day of November, 2024.

    s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.