IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JIMMY GOODEN, JR., | : |
| Plaintiff, | : |
| v. | : Case No. 5:24-cv-301-MTT-AGH |
| Doctor CECIL SISKA, | : |
| Medical Director COLEMAN, | : |
| Doctor TIMOTHY BURHAM, | : |
| Doctor BORIS RAMIREZ, | : |
| Medical Director JOHN DOE,[1] | : |
| Defendants. | : |

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Jimmy Gooden, Jr., a prisoner at the Dooly State Prison in Unadilla, Georgia, filed a recast complaint (ECF No. 10). Plaintiff again requests leave to proceed without prepayment of the filing fee (ECF No. 11). Because Plaintiff was previously granted leave to proceed *in forma pauperis* (ECF Nos. 2, 5), his second motion to proceed *in forma pauperis* ("IFP") is **DENIED** as moot (ECF No. 11). But, as explained below, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED without prejudice** for failure to state a claim.

---

[1] The Court ordered Plaintiff to recast his complaint and informed him that the recast complaint would take the place of the original complaint. Order 8, Nov. 15, 2024, ECF No. 5. Thus, Plaintiff's recast complaint (ECF No. 10) is now the operative complaint in this civil action. *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (noting that generally, an amended complaint supersedes the original complaint). Plaintiff's recast complaint removes Warden Phams and Deputy Warden Watson as Defendants. Recast Compl. 1, 4, ECF No. 10. Therefore, the Clerk of Court is **DIRECTED** to terminate them as Defendants. Plaintiff has added Doctor Timothy Burham, Doctor Boris Ramirez, and Medical Director John Doe of Dooly State Prison as Defendants. *Id.* Therefore, the Clerk of Court is **DIRECTED** to add these individuals as Defendants.

## PRELIMINARY SCREENING OF PLAINTIFF'S COMPLAINT

### I.  Standard of Review

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee.  28 U.S.C. § 1915A(a).  Courts must also screen complaints filed by a plaintiff proceeding IFP.  28 U.S.C. § 1915(e).  Both statutes apply in this case, and the standard of review is the same.  "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed."  *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).  On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."  *Id.* (internal quotation marks omitted).  A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process.  *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g., Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights).

## II. Plaintiff's Allegations

According to the recast complaint, Plaintiff's claims first arose while he was incarcerated at Riverbend Correctional Facility in February 2023. Recast Compl. 5, ECF No. 10. Plaintiff "beg[an] to itch and scratch" so he "requested medical

attention." *Id*. Medical staff examined Plaintiff and prescribed "over-the-counter 'itch cream[.]'" *Id*. Plaintiff complains that "the itching areas on [his] body transitioned into raised bumps and sores" and that the itch cream "did not alleviate nor cure the itching bumps and sores." *Id*. (cleaned up). Plaintiff states that Dr. Siska "persistently held and concluded that Plaintiff's medical condition was merely a 'rash' that would eventually 'fade away.'" *Id*. at 6. According to Plaintiff, "Riverbend Correctional Facility's medical staff, via deliberate indifference, caused an unknown treatable disease to become potentially debilitating and life threatening." *Id*.

After a few months, Plaintiff complained to the Warden, a Deputy Warden, and a Sergeant. Recast Compl. 6. Plaintiff contends that Medical Director Coleman was then directed to refer Plaintiff to "an independent outside dermatologist" in Stockbridge, Georgia. *Id*. at 5-6 (cleaned up). Plaintiff states that the dermatologist "recommended certain and specific medical-remedial treatments for the medical staff at Riverbend to follow" and "[t]hey never did[.]" *Id*. at 6.

Plaintiff contends that because he continued to complain about his skin condition, he was transferred to Dooly State Prison. *Id*. Plaintiff asserts that Doctor Burham and Doctor Ramirez at Dooly State Prison "have, each, categorically communicated to Plaintiff that there is no cure or remedy for his* . . . malady or illness." *Id*. (punctuation in original). He further asserts that Doctor Burham and Doctor Ramirez have agreed that "previous medical staff at the Riverbend Correctional Facility 'waited too long' to assess and treat the malady" and that

4

Plaintiff should stop complaining about a "lost cause issue." *Id.* (cleaned up).

Plaintiff asks this Court to declare that "any and all parties" knew or should have known that their "limited medical examinations and remedies were (and are not) exhaustive" and to "order that Defendants clarify their 'too-late-no cure' prognosis and its resuming consequences to Defendant's present and future state of health." Recast Compl. 7. Plaintiff also seeks compensation. *Id.*

### III. Plaintiff's Claims Should be Dismissed

When asked to name his Defendants, Plaintiff only lists Dr. Timothy Burham, Dr. Boris Ramirez, and the "unknown Medical Director" from Dooly State Prison. Recast Compl. 1, 4. However, Plaintiff dedicates much of his statement of claim to the medical care he received at Riverbend Correctional Facility under Dr. Cesar Siska and Medical Director Coleman. *Id.* at 5-6. Therefore, out of an abundance of caution, this Court has opted to leave Dr. Siska and Medical Director Coleman as Defendants in this civil action.

To state a claim for deliberate indifference to serious medical needs, a plaintiff must allege "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009) (citation omitted). The first element requires a showing "of an objectively serious medical need." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). "[A] serious medical need is considered one that has been diagnosed by a physician as mandating treatment or

5

one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation marks and citations omitted).

To establish the second element—deliberate indifference—a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law[.]'" *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (quoting *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020), and *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)). Subjective awareness requires that the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007) (quoting *Farmer*, 511 U.S. at 837). "'[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Each individual defendant must be judged separately and on the basis of what that person kn[ew].'" *Dang ex rel. Dang v. Sheriff, Seminole Cnty. Fla.*, 871 F.3d 1272, 1280 (11th Cir. 2017) (alterations in original) (quoting *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008)). To establish that a particular "defendant acted with 'subjective recklessness as used in the criminal law'" the plaintiff must allege "that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm." *Wade*, 106 F.4th at 1255.

Finally, the third prong requires "that a defendant have a causal connection to the constitutional harm." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007)

(citation omitted). "Such a causal connection may be established by showing that the [defendant] was personally involved in the acts that resulted in the violation of the constitutional right." *Martinez v. Burns*, 459 F. App'x 849, 851 (11th Cir. 2012) (citing *Zatler v. Wainwright,* 802 F.2d 397, 401 (11th Cir. 1986)).

Here, Plaintiff fails to sufficiently allege a deliberate indifference to a serious medical need claim. First, Plaintiff fails to specify a diagnosis given to him by the dermatologist or any other health professional or explain how his rash posed a substantial risk of serious harm. *See* Recast Compl. 5-6. Instead, he refers to his skin condition as raised bumps and sores, the medical condition, malady or illness, and an unknown treatable disease. *Id*. He states this medical condition caused him to itch. *Id*. These allegations fail to identify a medical need that poses a risk of substantial serious harm. *See e.g.*, *Sullivan v. Cochran*, No. 15-0407-KD-M, 2015 WL 9659680, at *4 (S.D. Ala. Nov. 25, 2015) (collecting cases where federal courts have consistently held that itchy and painful skin conditions without other symptoms do not constitute objectively serious medical needs under the Eighth Amendment), *report and recommendation adopted*, No. 15-0407-KD-M, 2016 WL 70844 (S.D. Ala. Jan. 6, 2016).

Second, although Plaintiff names the Medical Director of Dooly State Prison as a defendant, Plaintiff fails to factually link this defendant to any of his claims. Because Plaintiff does not allege any connection between the Medical Director and a constitutional violation, Plaintiff's claims against this defendant should be dismissed. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (affirming dismissal of

defendants that plaintiff failed to "associate" with an alleged constitutional violation) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Butler v. Georgia,* No. 22-10291, 2022 WL 17484910, at *2 (11th Cir. Dec. 7, 2022) ("The plaintiff's allegations must connect the defendants with the alleged constitutional violation.").

Finally, Plaintiff similarly fails to allege a claim of deliberate indifference against Defendants Siska, Coleman, Burham, and Ramirez. Plaintiff avers that these defendants provided treatment for his skin condition, but that the treatment (1) was not what the dermatologist recommended and (2) did not cure his skin condition. Recast Compl. 5-6. These allegations are insufficient to demonstrate deliberate indifference. *See Adams,* 61 F.3d at 1545; *Hoffer*, 973 F.3d at 1272 (finding that "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." (alteration in original) (quotation marks omitted)); *Sims v. Figueroa*, No. 21-10647, 2022 WL 188485, at *5 (11th Cir. Jan. 21, 2022) *(*quoting *Hoffer*, 973 F.3d at 1272 and *Farmer*, 511 U.S. at 835) ("Because the obligation to provide medical care 'doesn't necessarily demand curative care,' [the defendant physician's] judgment to continue conventional treatment was no 'more blameworthy than negligence' and did not amount to the type of incompetent or inadequate care that would violate the

Eighth Amendment."); *Blanchard v. White Cnty. Det. Ctr. Staff*, 262 F. App'x 959, 964 (11th Cir. 2008) (quoting *Harris*, 941 F.2d at 1504) (holding that when a "claim turns on the quality of the treatment provided, there is no constitutional violation as long as the medical care provided to the inmate is 'minimally adequate.'").

In sum, Plaintiff fails to state a claim for a deliberate indifference to a serious medical need against any Defendant. His complaint should consequently be dismissed.

### IV. Conclusion

Because Plaintiff was previously granted leave to proceed *in forma pauperis* (ECF No. 5), his second motion to proceed *in forma pauperis* (ECF No. 11) is **DENIED** as moot. For all the reasons set forth, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** pursuant to §§ 1915A(b)(1) and 1915(e) for failure to state a claim for which relief may be granted.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for

filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 19th day of March, 2025.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE